UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**N.P., A MINOR, BY E.P.,**
**HIS NATURAL GUARDIAN,**

    Plaintiff,

v.

**THE SCHOOL BOARD OF**
**OKALOOSA COUNTY,**
**FLORIDA; LARRY ASHLEY,**
**IN HIS OFFICIAL CAPACITY AS**
**SHERIFF OF OKALOOSA COUNTY,**
**FLORIDA; MARY BETH JACKSON;**
**STACIE SMITH; ARDEN FARLEY;**
**ANGELYN VAUGHAN; JOAN**
**PICKARD; MELODY SOMMER;**
**MARLYNN STILLIONS; DWAYNE**
**VASILOFF; and DOES 1-30,**

    Defendants.
_____/

CASE NO. 3:18-CV-453-MCR-CJK

## ORDER

On August 31, 2018, N.P., a minor, by E.P., his natural guardian, filed a First Amended Complaint, ECF No. 68, against numerous Defendants. The various counts arise under 42 U.S.C. §§ 1983, 1985(3); 42 U.S.C. §§ 12132, *et seq.* (The American with Disabilities Act); 29 U.S.C. § 794 (The Rehabilitation Act); Fla. Stat. § 393.13; and state common law. Pending before the court are nine Motions to Dismiss filed by (1) The School Board of Okaloosa County, Florida ("OCSB"), ECF

No. 112; (2) The Okaloosa County Sherriff's Office ("OCSO"), ECF No. 107; (3) Mary Beth Jackson, ECF No. 111; (4) Stacie Smith, ECF No. 90; (5) Arden Farley, ECF No. 89; (6) Angelyn Vaughan, ECF No. 88; (7) Joan Pickard, ECF No. 96; (8) Melody Sommer, ECF No. 114, and (9) Dwayne Vasiloff, ECF No. 109. The remaining Defendant, Marlynn Stillions ("Stillions"), has filed an answer, ECF No. 110.[1]  Also pending before the Court is a Motion to Stay Discovery filed by OCSB and Mary Beth Jackson, ECF No. 113.[2]  After careful review, the Court will grant the Motion to Stay Discovery, which will be in effect until the Court issues rulings on the pending Motions to Dismiss.

## I. Background

N.P., a minor diagnosed with autism spectrum disorder, matriculated into Kenwood's pre-kindergarten program around April 2014. Stillions was N.P.'s Exceptional Special Education ("ESE") instructor at Kenwood and as such was entrusted with the care of N.P. and numerous other ESE students. N.P. alleges that while in the care and custody of Stillions, N.P. and other ESE students were the

---

[1] "DOES 1-30" are also named defendants. According to the Complaint, "[t]he true identities and capacities of defendants sued as DOES 1-30 are unknown to Plaintiff and therefore Plaintiff prays leave to amend his complaint to allege the true identities and capacities when they are ascertained." ECF No. 68 at 13.

[2] Counsel for OCSB and Mary Beth Jackson contacted the other named co-defendants, except Sheriff Larry Ashley and Dwayne Vasiloff, regarding the pending Motion to Stay Discovery. Defendants Melody Sommer and Marlynn Stillions have advised they wish to join in the motion. Defendants Sherriff Larry Ashely, Dwayne Vasiloff, and Angelyn Vaughan have filed Motions for Joinder, *see* ECF Nos. 116, 130, asking that the Court permit Defendants to join in the pending motion. The remaining Defendants have not responded.

targets of severe verbal and physical abuse. In addition to Stillions's incessant screaming, the alleged abuse also involved grabbing, pinching, kicking, kneeing, tripping, stomping, and throwing students. It is also alleged that common disciplinary measures included spraying N.P. in the face with vinegar, saturating a "wand" in a chemical mixture and putting it in N.P.'s mouth, and depriving children, to include N.P., of their food by forcing them to throw it away, or alternatively, eating it for herself.  It is further alleged that as early as August 2014, numerous Okaloosa County School District ("OCSD") employees brought the abuse to the attention of key officials and that despite this knowledge, the abuse "was allowed to continue for a significant period of time resulting in further and continued inappropriate and/or excessive abuse …." ECF No. 68 at 22.  Eventually, in April 2016, after receiving reports of Stillions's abusive behavior from several OCSD employees, Kenwood Principal Angelyn Vaughan[3] notified OCSD Human Resources. As a result, OCSD employee Arden Farley ("Farley") commenced an investigation into the alleged abuse.

On or about June 17, 2016, Farley issued a report (the "Stillions Report"), which he addressed to the Assistant Superintendent of Human Resources, Stacie Smith ("ASHR Smith"), and the newly hired Kenwood Principal, Julie Pickard.  In

---

[3] Angelyn Vaughan was the principal of Kenwood through the 2015-2016 school year. Following the 2015-2016 school year, Julie Pickard took over as principal of Kenwood.

it were detailed findings of his investigation, to include confirmed allegations of child abuse. N.P. alleges that in responding to the Stillions Report, the actions taken by key officials within OCSD were woefully inadequate. First, not a single official reported the abuse to the Department of Children and Families ("DCF") as mandated by state law. Moreover, Farley made seven recommendations in the Stillions Report, five of which were directed at Stillions individually, to include disciplinary action.[4] However, it appears a number of the recommendations were ignored, and on or about August 1, 2016, ASHR Smith dismissed the case against Stillions, determining that the Stillions Report would not be included as an official part of Stillions's personnel record. Instead, key officials approved Stillions's transfer to a paid position as an ESE instructor at another school for the 2016-2017 school year, where she was placed in a classroom with even more ESE students.[5] Additionally, N.P.'s guardian, E.P., was never informed of the investigation and its findings, which included confirmed allegations that Stillions had verbally and physically abused N.P. Rather, approximately a year later, in May 2017, E.P. learned about the the Stillions Report through casual conversation with a Kenwood instructor. Shocked by the revelation,

---

[4] The Amended Complaint is somewhat ambiguous on this point, simply stating that "[w]ithin the Stillions Report, FARLEY made seven recommendations, five of which were directed at STILLIONS, individually, including a recommendation that STILLIONS receive disciplinary actions. STILLIONS failed to complete any of the recommendations directed at her." ECF No. 68 at 35.

[5] Stillions was transferred to Silver Sands, a public school located in Okaloosa County, Florida within the same school district as Kenwood.

E.P. procured a redacted version of the Stillions Report, after initially being told by OCSD Human Resources personnel that it did not exist. Following the release of the Stillions Report to E.P., the abuse was publicized, and numerous investigations were launched by law enforcement and DCF, leading to the arrest of several Defendants. ECF No. 68 at 39.

On March 21, 2018, E.P., acting in the capacity as N.P.'s guardian, filed a twenty-count Complaint against eleven named defendants and potentially thirty additional defendants, named as DOES 1-30.[6] Shortly thereafter, on August 31, 2018, an Amended Complaint was filed as a matter of course,[7] *see* Fed. R. Civ. P. 15(a). In response, Defendants filed several Motions to Dismiss the Amended Complaint. The substance of the arguments made in the various motions include sovereign and qualified immunity, punitive damages, exhaustion of administrative remedies, vicarious liability, intra-corporate conspiracy doctrine, and failure to state a claim. Additionally, OCSB and Mary Beth Jackson—joined by Melody Sommers and Marlynn Stillions—have filed a Motion to Stay Discovery,[8] arguing that a stay

---

[6] *See supra* note 1.

[7] In light of the Amended Complaint, the Court issued an Order denying the then-pending Motions to Dismiss the Complaint, ECF Nos. 17, 18, 44, 45, 51, 52, 53, as moot, *see* ECF No. 69. In addition to containing further factual allegations, the Amended Complaint dropped OCSD as a named defendant, and replaced OCSO with Larry Ashley, suing him in his Official Capacity as Sheriff of Okaloosa County. To date, each named Defendant in the Amended Complaint (with the exception of DOES 1-30) has filed either an answer or motion to dismiss, *see* ECF Nos. 88, 89, 90, 96, 107, 109, 110, 111, 112, 114.

[8] Sherriff Larry Ashely, Dwayne Vasiloff, and Angelyn Vaughan filed Motions for Joinder requesting to join in the Motion to Stay, *see* ECF Nos. 116, 130.

of discovery is necessary to conserve both the Court's and Defendants' valuable time and resources. Furthermore, it is argued that given the subject matter of Defendants' dispositive motions, discovery should be stayed until the Court issues a ruling and determines which named Defendants are proper parties. Plaintiff disagrees, arguing that a discovery stay is inappropriate in this case, *see* ECF No. 124.

## II. Discussion

Federal District Courts have "broad discretion in deciding how best to manage the cases before them." *See Adinolfe v. United Techs. Corp.*, 768 F.3d 1161, 1167 (11th Cir. 2014) (citation omitted). This broad discretion extends to pre-trial matters such a discovery and scheduling. *Johnson v. Bd. of Regents of the Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2007). Indeed, Rule 26(c) of the Federal Rules of Civil Procedure authorizes the Court to stay discovery to protect parties from "undue burden or expense." Here, each Defendant maintains in a motion or answer that they are entitled to either sovereign (Eleventh Amendment Immunity) or qualified immunity—fundamental legal concepts that seek to protect the government and governmental officials from the cost of trial and the burdens of far reaching discovery. *See Bouchard Transp. Co. v. Fla. Dep't of Envtl. Prot.*, 91 F.3d 1445, 1448 (11th Cir. 1996) ("Like a public official's qualified immunity, a state's Eleventh Amendment immunity is 'an entitlement not to stand trial or face the other burdens of litigation.'" (quoting *Mitchell v.*

Case 3:18-cv-00453-MCR-CJK   Document 131   Filed 11/05/18   Page 7 of 7

Page 7 of 7

*Forsyth*, 472 U.S. 511, 526 (1985))); *Caraballo-Sandoval v. Honsted*, 35 F.3d 521, 524 (11th Cir. 1994) ("[Q]ualified immunity seeks to protect government officials from the cost of trial and the burdens of broad reaching discovery." (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982))). As such, a court should resolve the issues of sovereign and qualified immunity before allowing discovery. *Caraballo-Sandoval*, 35 F.3d at 524 (finding that the district court properly stayed discovery until it decided the qualified immunity issue).

Accordingly, to protect the parties from undue burden and expense, the Court finds it appropriate to stay discovery pending a ruling on the numerous Motions to Dismiss. As a result, Defendants' Motion to Stay Discovery, ECF No. 113, is **GRANTED**. The Motions for Joinder filed by Defendants Sheriff Larry Ashley, Dwayne Vasiloff, and Angelyn Vaughan, ECF Nos. 116, 130, are **DENIED** as **MOOT**. The Clerk is **DIRECTED** to **ENTER** a stay of discovery pending the resolution of the Defendants' Motions to Dismiss: ECF No. 88, ECF No. 89, ECF No. 90, ECF No. 96, ECF No. 107, ECF No. 109, ECF No. 111, ECF No. 112, and ECF No. 114.

**DONE and ORDERED** this 5th day of November 2018.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

CASE NO. 3:18-CV-453-MCR-CJK