UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**N.P., a minor, by E.P., his natural guardian,**

    Plaintiff,

v.                                       CASE NO. 3:18-CV-453-MCR-CJK

**THE SCHOOL BOARD OF OKALOOSA COUNTY, FLORIDA; LARRY ASHLEY, IN HIS OFFICIAL CAPACITY AS SHERIFF OF OKALOOSA COUNTY, FLORIDA; MARY BETH JACKSON; STACIE SMITH; ARDEN FARLEY; ANGELYN VAUGHAN; JOAN PICKARD; MELODY SOMMER; MARLYNN STILLIONS; DWAYNE VASILOFF; and DOES 1-30,**

    Defendants.

_____/

## ORDER

Plaintiff, N.P., a minor, by E.P., his natural guardian, filed an Amended Complaint, in which they identified themselves by initials only, *see* ECF No. 68 at 3.[1] On October 27, 2018, the Court issued a Notice of Deficiency and Order, ECF No. 115, directing E.P. to seek permission to proceed anonymously. Shortly

---

[1] The Court does not question the propriety of concealing N.P.'s identity, as Fed. R. Civ. P. 5.2(a)(3) permits a party to use a minor's initials in court filings.

thereafter, E.P. filed the now-pending Motion to Proceed Pseudonymously, ECF No. 129.  After careful review, the motion will be granted in part and denied in part.

**I. Background**

N.P., a minor diagnosed with autism spectrum disorder, entered Kenwood's pre-kindergarten program around April 2014. Marlynn Stillions ("Stillions") was N.P.'s Exceptional Special Education ("ESE") instructor at Kenwood and as such was entrusted with his care, as well as the care of numerous other ESE students. E.P. alleges that while in the care and custody of Stillions, N.P. and other ESE students were the targets of severe verbal and physical abuse. In addition to Stillions's incessant screaming, the alleged abuse also involved grabbing, pinching, kicking, kneeing, tripping, stomping, and throwing students. It is also alleged that common disciplinary measures included spraying N.P. in the face with vinegar, saturating a "wand" in a chemical mixture and putting it in N.P.'s mouth, and depriving children, including N.P., of their food by forcing them to throw it away, or alternatively, eating it for herself.

After the 2016-2017 school year, E.P. procured a redacted version of a previously unknown investigative report from the Okaloosa County School District ("OCSD"), which confirmed multiple allegations of child abuse at Kenwood. The investigative report and abuse was publicized, and law enforcement and the Department of Children and Families launched numerous investigations, leading to

the arrest of several Defendants employed by OCSD.[2] ECF No. 68 at 39. On March 21, 2018, E.P., acting as N.P.'s guardian, anonymously filed a twenty-count Complaint against eleven named defendants and potentially thirty additional defendants, named as DOES 1-30. Subsequently, on August 31, 2018, an Amended Complaint was filed.[3,4] *See* Fed. R. Civ. P. 15(a). Like the initial Complaint, the Amended Complaint maintains the anonymity of N.P. and E.P.

## II. Discussion

Although N.P. may proceed anonymously, the Court must determine whether it is appropriate to allow E.P. to proceed in the same fashion, mindful of the fact that "[i]t is the exceptional case in which a plaintiff may proceed under a fictitious name." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992). E.P. only argues that anonymity is necessary because public disclosure will cause he and N.P. to become targets of "harassment, intimidation, and other reprisals in the county in which they reside." ECF No. 129 at 3. The Court cannot agree on the present record.

---

[2] Recently, a state-court jury convicted Stillions on three counts of child abuse stemming from her time as an ESE instructor at Kenwood during the 2015-2016 school year.

[3] Although the Amended Complaint appears to allege twenty separate counts (Counts I – XX), Count XIX (19) is not listed. As such, the Amended Complaint is comprised of nineteen counts. The various counts arise under 42 U.S.C. §§ 1983, 1985(3); 42 U.S.C. §§ 12132, *et seq.* (The American with Disabilities Act); 29 U.S.C. § 794 (The Rehabilitation Act); Fla. Stat. § 393.13; and Florida common law.

[4] In addition to containing further factual allegations, the Amended Complaint dropped OCSD as a named defendant, and replaced the Okaloosa County Sheriff's Office with Larry Ashley, suing him in his Official Capacity as Sheriff of Okaloosa County. To date, each named Defendant in the Amended Complaint (apart from DOES 1-30) has filed either an answer or a motion to dismiss, *see* ECF Nos. 88, 89, 90, 96, 107, 109, 110, 111, 112, 114.

In the United States, there is a "customary and constitutionally-embedded presumption of openness in judicial proceedings." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001) (citations omitted). As such, anonymous pleading is the exception to Federal Rule of Civil Procedure 10(a), which requires every party to be named in a complaint. *See Aware Woman Ctr. for Choice*, 253 F.3d at 685 (stating that courts have carved out a limited number of exceptions to the general requirement of disclosure); *Frank*, 951 F.2d at 323 ("It is the exceptional case in which a plaintiff may proceed under a fictitious name."). *But see* Fed. R. Civ. P. 5.2(a) (permitting redacted court filings in certain circumstances, to include the use of a minor's initials to conceal their identity). In exercising discretion to decide whether the general requirement of disclosure should yield to a party's substantial privacy concern, a court may consider the following:

> (1) whether the plaintiff is challenging governmental activity, (2) whether the plaintiff would be required to disclose information of the utmost intimacy, (3) whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, (4) whether the plaintiff would risk suffering injury if identified, and (5) whether the party defending against a suit brought under a pseudonym would be prejudiced.

*Fla. Abolitionist, Inc. v. Backpage.com LLC*, No. 617CV218ORL28TBS, 2018 WL 2017535, at *1 (M.D. Fla. May 1, 2018) (citing *Frank*, 951 F.2d at 323). The enumerated factors are not intended as a rigid test, and the presence of one factor is not dispositive. *See Frank*, 951 F.2d at 323 (quoting *Doe v. Stegall*, 653 F.2d 180

(5th Cir. 1981)).[5] Rather, "a court should carefully review *all* the circumstances of a given case." *Id.* (emphasis in original).

The Court finds that E.P. may not continue to proceed anonymously because the circumstances surrounding this case do not outweigh the constitutionally-embedded presumption of openness in judicial proceedings. First, there is no evidence in the record to indicate that E.P. should expect harassment or violent reprisals from the Okaloosa County community as a result of this case. *See Fla. Action Comm., Inc. v. Seminole Cty.*, No. 615CV1525ORL40GJK, 2016 WL 6080988, at *3 (M.D. Fla. Oct. 18, 2016) ("There simply has been no specific or concrete evidence offered establishing the need for anonymity."); *see also Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (denying party's request to proceed anonymously where the party did not demonstrate "real, imminent personal danger"). Additionally, in the rare cases that have allowed party anonymity, the court inferred a real threat of harassment or violence from the community's visceral reactions to the party's behavior or beliefs. *See Aware Woman Ctr. for Choice, Inc.*, 253 F.3d at 687 (permitting plaintiff to proceed anonymously, noting that the Freedom of Access to Clinic Entrances Act ("FACE"), which created plaintiff's civil remedy, "was enacted in 1994 against a backdrop of escalating violence directed

---

[5] The decisions of the Fifth Circuit handed down prior to the close of business on September 30, 1981, operate as binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981).

toward reproductive health clinics, their employees, and patients" (quoting *United States v. Gregg*, 226 F.3d 253, 259 (3d Cir. 2000))); *Stegall*, 653 F.2d at 186 (permitting plaintiffs to proceed under fictitious names in their challenge of religiously-oriented ceremonies broadcast each morning at minor plaintiffs' middle school, noting that evidence on the record indicated plaintiffs could expect "threat[s] of harm and serious social ostracization based upon militant religious attitudes"). In these exceptional cases, the factual underpinnings often involve highly contentious political topics such as abortion and religion. At the center of this lawsuit are allegations of child abuse, a topic on which most people are sympathetic. Indeed, the factual basis of this lawsuit has already spawned numerous criminal investigations into the alleged child abuse within OCSD. As such, the Court cannot conclude that the public's knowledge of E.P.'s identity would expose E.P. or N.P. to a "real danger of physical harm." *See Frank*, 951 F.2d at 324 (stating that a plaintiff should be permitted to proceed anonymously only in those "exceptional cases involving matters of … real danger of physical harm."); *Stegall*, 653 F.2d at 186 ("[T]he threat of hostile public reaction to a lawsuit, standing alone, will only with great rarity warrant public anonymity."); *Gerzon v. IHOP Rest. Corp.*, No. 8:17-CV-870-T-27TBM, 2017 WL 1957075, at *4 (M.D. Fla. Apr. 19, 2017), *report and recommendation adopted*, No. 8:17-CV-870-T-27TBM, 2017 WL 1954821 (M.D. Fla. May 10, 2017) ("Plaintiff's generalized assertions of fear do not outweigh the

customary and constitutionally-embedded presumption of openness in judicial proceedings.").

Accordingly, Plaintiff's Motion to Proceed Pseudonymously, ECF No. 129, is **GRANTED** in part and **DENIED** in part:

1. The parties are **ORDERED** to maintain N.P.'s anonymity pursuant to Fed. R. Civ. P. 5.2(a)(3).

2. E.P., N.P.'s natural guardian, must file an amended complaint within **7 DAYS** of this Order identifying his or her identity.[6]

**DONE and ORDERED** this 5th day of December 2018.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[6] To be clear, the purpose of filing an amended complaint is only to reveal the identity of E.P. and should not impact the pending motions to dismiss.

CASE NO. 3:18-CV-453-MCR-CJK